IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERREL SHADE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-230-DRH |
| | ) |
| **C/O HAYES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damage for alleged violations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

Plaintiff states that he is a diabetic and he suffers from "low blood sugar attacks."[1] He further states that on November 11, 2009, at approximately 11 p.m., he asked Defendant Haithcoat to check on him because Plaintiff "was feeling kind of low." Defendant Haithcoat informed Plaintiff that "she would see what she could do" and left. Plaintiff states that he then ate a snack consisting of a cheese sandwich.

Plaintiff alleges that about 2 a.m., another guard came to his cell and told Plaintiff "to go into his box and get something to eat." Plaintiff states that this guard - who is not identified and is not named as a defendant in this action - verbally harassed him by calling Plaintiff "lazy." Plaintiff states that because his blood sugar was low, he did not get something to eat as instructed by the guard.

---

[1] The Court assumes that Plaintiff suffers from hypoglycemia - abnormally low blood sugar - which is associated with the disease diabetes.

Plaintiff asserts that about 2:15 a.m., Defendant Hayes came to his cell "throwing a carton of milk" at him while he was asleep hitting Plaintiff in the chest area. Defendant Hayes informed Plaintiff that "this was the last time he would bring [Plaintiff] something from the Health Care Unit or Dining Room." Defendant Hayes ordered Plaintiff to "eat" and, then, "threw some jelly and two (2) packs of crackers at [Plaintiff]" hitting him in the chest. Plaintiff asserts that Defendant Hayes then left without waiting to see whether Plaintiff was alright or to ensure Plaintiff drank the milk. Plaintiff states that he was awakened at approximately 4:35 a.m. taken to the Health Care Unit where his blood sugar was measured as "a low 41."

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **two** counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Haithcoat and Hayes for denying him adequate medical care for his diabetes in violation of Plaintiff's Eighth Amendment rights.
>
> **COUNT 2:** Against Defendant Hayes for using excessive force against him in violation of Plaintiff's Eighth Amendment rights.

**DISCUSSION**

**A. Count 1 (medical claims)**.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107.

3

*See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results. *Id.*

Applying these principles to the case at hand, Count 1 should be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's only allegation concerning Defendant Haithcoat is that he asked her to check on him later. The allegations of the complaint indicate that prison staff did, in fact, check on Plaintiff later - once at 2 a.m. and, again, at 2:15 a.m. Moreover, at the time he conferred with Defendant Haithcoat, there is no indication that Plaintiff was suffering from "low blood sugar." Again, why Plaintiff felt "low," he ate his cheese sandwich and went to sleep. Put simply, there is no indication that - at 11 p.m. - Plaintiff was suffering from low blood sugar. Therefore, Plaintiff's claim against Defendant Haithcoat must be dismissed.

Plaintiff alleges that Defendant Hayes checked up on him approximately 15 minutes *after* another guard had awakened Plaintiff and told him to eat something. Defendant Hayes further provided Plaintiff with milk, jelly, and crackers. Assuming that Plaintiff was suffering from low blood sugar at 2 a.m. - Plaintiff's allegations demonstrate that Hayes was not deliberately indifferent

to that condition. Therefore, Count 1 should be dismissed against Defendant Hayes.

**B. Count 2 (excessive force).**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these principles to the case at hand, Count 2 should be dismissed pursuant to 28 U.S.C. § 1915A. While the Court does not condone Hayes's alleged actions, being struck by a milk carton, some jelly, and two packs of crackers is simply the type of de minimis use of force that does not rise to the level of constitutional concern. The Court notes that such items are relatively lightweight and would not impose much physical damage or actual physical pain. Indeed, Plaintiff appears to have suffered no actual physical injury - just emotional pain - from the incident.

**D**ISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**DATED:** September 24, 2010

/s/ DavidRHerndon
**DISTRICT JUDGE**